# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT WESLEY ROBB,<br><br>Defendant. | Case No. 1:24-MJ-100<br><br>UNDER SEAL |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint, arrest warrant, and associated charging documents, until the execution of the arrest warrant for the defendant, ROBERT WESLEY ROBB.

**I.      REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      The Federal Bureau of Investigation (FBI) is investigating the defendant for fraudulently soliciting investments for a cryptocurrency trading bot and laundering the proceeds of that fraud.

2.      The defendant has been charged by complaint with one count of wire fraud in violation of 18 U.S.C. § 1343. The defendant lives in Nevada, but his specific location needs to be determined before the the FBI can effectuate an arrest.

3.      Premature disclosure of the charges against the defendant would threaten the ability of the United States to locate and arrest the defendant, may lead to the further destruction or concealment of evidence, and may compromise officer safety.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

4. The Court has the inherent power to seal indictments and other charging documents. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the Indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The Complaint would need to remain sealed until the defendant is arrested.

5. Upon occurrence of the defendant's arrest, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the Complaint, arrest warrant, associated charging materials, and this Motion to Seal and proposed Order be sealed until the defendant is arrested.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:      /s/
Zoe Bedell
Assistant United States Attorney